J. GANNON HELSTOWSKI LAW FIRM
P.O. Box 131169
Dallas, TX 75313
Telephone: (214) 506-2500 #5
Facsimile: (214) 989-6790
Email: TXfiling@jghfirm.com
SBN 24078653
*Attorneys for Plaintiff*,
Francisco Gutierrez Perez

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| **FRANCISCO GUTIERREZ PEREZ ,** | Case No.: |
| Plaintiff, | |
| v. | |
| **EXPERIAN INFORMATION SOLUTIONS, FORD MOTOR CREDIT COMPANY LLC d/b/a/ FORD CREDIT, ALLY FINANCIAL, SYNERPRISE CONSULTING, RADIUS GLOBAL SOLUTIONS, OPORTUN PROGRESO FINANCIAL a/k/a OPORTUN FINANCIAL** | **COMPLAINT FOR DAMAGES** **DEMAND FOR JURY TRIAL** |
| Defendants. | |

///

///

///

///

///

//

**COMPLAINT FOR DAMAGES**

**INTRODUCTION**

1. This is a case about a financially responsible individual who was perplexed at his inability to obtain credit and loans. He was preparing to purchase a home in the near future, as such he attempted to get a home mortgage and was denied. At that time, he discovered that there were accounts on his credit report that were not his. He spent the next few months working to remove the accounts that were not his. At first, he thought he might be a victim of identity theft and he filed a police report. He visited the police station numerous times but was ultimately told that they did not feel they could help him. After further careful review of his reports, he came to believe that the accounts appearing on his report may actually be the result of a mixed file. He noticed that there are names, addresses, and social security numbers that appear on his report that are not his. Plaintiff has an ITN number and yet a social security number is listed. He continued to dispute the accounts and continued to have trouble in particular with Experian and Ford Credit. Despite providing Experian and Ford Credit with information that these accounts were the result of a mixed file, Ford Credit has failed to investigate and take appropriate action and Experian has failed to block the information, investigate, or remove in accordance with the law. Experian continues to mix negative information from someone else into Plaintiff's credit file which continues to damage him.

2. **FRANSISCO GUTIERREZ PEREZ** ("Plaintiff"), by Plaintiff's attorney, brings this action for actual damages, statutory damages, punitive damages, injunctive relief, restitution, attorney fees, and costs, against **EXPERIAN INFORMATION SOLUTIONS, FORD MOTOR CREDIT COMPANY LLC d/b/a/ FORD CREDIT, ALLY FINANCIAL, SYNERPRISE CONSULTING, RADIUS GLOBAL SOLUTIONS, OPORTUN PROGRESO FINANCIAL a/k/a OPORTUN FINANCIAL** for violations of the Fair Credit Reporting Act 15 U.S.C. § 1681 et seq., (hereinafter "FCRA").

3. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to the Plaintiff, or to the Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

4. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

5. All violations by Defendants were knowing, willful, and intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such violations.

6. Unless otherwise indicated, the use of a Defendant's name in this Complaint includes all

agents, principles, managing agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of those Defendants named.

7. The Fair Credit Reporting Act (FCRA), found at 15 U.S.C. § 1681, et seq., was originally enacted in 1970. The express purpose of the FCRA was to require that consumer reporting agencies adopt and implement "reasonable procedures" for ensuring that credit information about a consumer was collected, maintained, and dispensed "in a manner which is fair and equitable to the consumer with regard to the confidentiality, accuracy, relevancy and proper utilization of such information …" FCRA, 15 U.S.C. §1681(b); *Safeco Ins. Co. of Am. v. Burr* (2007) 551 U.S. 47, 127 S.Ct. 2201, 2205. The Congressional findings noted that "[t]here is a need to insure that consumer reporting agencies exercise their grave responsibilities with of fairness, impartiality, and respect for the consumer's right to privacy."[1] The FCRA also imposes duties on the sources that provide credit information to credit reporting agencies, who are called "furnishers."

8. Under the FCRA, the term "consumer report means any written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's creditworthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living, which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in the underwriting of credit transactions involving the consumer."

9. Congress has chosen to protect the consumer's rights in part by providing for laws requiring the furnisher and credit bureaus to investigate a consumer's claims of erroneous, false, or misleading information on their credit report. See FCRA 1681 §623(b) and 1681i et al.

10. JURISDICTION AND VENUE

11. Jurisdiction of this court arises pursuant to 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States, 15 U.S.C. § 1681p (FCRA), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

12. This action arises out of Defendants' violations of the Fair Credit Reporting Act 15 U.S.C. § 1681 et seq., ("FCRA").

13. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because the acts and transactions occurred here, Plaintiff resides here, and Defendants transact business here.

PARTIES

14. Plaintiff is a natural person who resides in the County of Dallas, State of Texas. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

15. Defendant Experian Information Solutions, Inc (hereinafter "Defendant Experian") is a New York corporation operating from an address of 321 North Street, Los Angeles, CA 96541, and is a "person" as defined by 15 U.S.C. § 1681a(b).

16. Defendant Ford Motor Credit Company d/b/a Ford Credit (Hereinafter referred to as "Defendant Ford Credit") is a Delaware corporation operating from an address headquartered in Dearborn Michigan., and is a "person" as defined by 15 U.S.C. § 1681a(b).

17. Defendant Ally Financial is a Delaware corporation operating from an address headquartered in Detroit Michigan., and is a "person" as defined by 15 U.S.C. § 1681a(b).

18. Defendant Synerprise Consulting is a debt collector operating out of a main office in Plano, Texas.

19. Defendant Radius Global Solutions is a debt collector operating out of a main office in Edina Minnesota.

20. Defendant Oportun Progreso Finanical a/k/a Oportun (Hereinafter referred to as "Oportun") is a financial services corporation operatring out of San Carlos California.

21. This case involves Plaintiff's "consumer reports" that term is defined by 15 U.S.C. § 1681a(d)(1).

22. Defendant Experian is a "consumer reporting agency" as that term is defined by 15 U.S.C. § 1681a(f) (collectively referred to as "Credit Reporting Agencies" or "CRAs").

23. Defendant Ford Credit is a furnisher of information as contemplated by FCRA sections 1681s-2(a) & (b), that regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences.

24. Plaintiff is informed and believes, and thereon alleges, that Defendants acquired Plaintiff's "consumer report" as that term is defined by 15 U.S.C. § 1681a(d)(1).

25. Plaintiff is informed and believes, and thereon alleges that at all times herein mentioned Named Defendants were agents, officers, directors, managing agents, employee and/or joint ventures of each of their co-defendants and, in doing the things hereafter mentioned, each was acting in the scope of his authority as such agent, officer, director, managing agent, employee, and/or joint ventures, and with the permission, knowledge, ratification, and consent of their co-defendants, and each of them. Any reference hereafter to "Defendants" without further qualification is meant by Plaintiff to refer to each Defendant, and all of them,

named above.

## FACTUAL ALLEGATIONS

26. Plaintiff is an individual residing in the County of Dallas, State of Texas.
27. Plaintiff is informed and believes, and thereon alleges, that at all times relevant, Defendants conducted and continue to conduct business in the state of Texas.
28. Beginning in or around November of 2022 Plaintiff had noticed that he had difficulty obtaining credit and financing and was not sure why. He had been denied for some loans and lines of credit. He was denied for a mortgage and a Wells Fargo account. He did not know very much about credit reports or credit reporting.
29. As a result of this denial, he began to look deeper into his credit report. He discovered that items appeared on his report that we not his. This included a variety of accounts including a a Ford Credit account. He also noticed addresses and identifying information that were not his.
30. Plaintiff believed it might be identity theft and initially sought police assistance. He came to believe that this was actually a mixed file situation wherein Experian and possibly various furnishers were mixing information from another individual onto his reports. This information happened to be negative information.
31. Plaintiff began to undertake to correct the information. He began sending letters to the credit bureaus and furnishers . He explained in these letters the specific problem that he saw in the reporting of the accounts. He explained clearly that the social security number was not his and that these accounts were not his. Ford Credit continued to report the false information to the bureaus including Experian despite his initial disputes. Ford Credit responded to PLAINTIFF's letter with a copy of a contract that clearly had a different individual's name on it. Despite this fact they continued to report the information.
32. Notwithstanding Plaintiff's numerous written disputes, Experian continued to verify the Ford Credit account and the incorrect identifying information as accurate.
33. Prior to November 11, 2022 Plaintiff called Ford Credit customer service. They could not find an account under his name or ITN number. Despite this fact they continued to report this account to his credit report.
34. DISPUTES On November 11, 2022 Plaintiff caused a written dispute to be sent to Ford Credit by certified mail. Ford Credit responded to PLAINTIFF's letter with a copy of a contract that clearly had a different individual's name on it. Despite this fact they continued

1. to report the information.
35. The Nobvember 11, 2022 Plaintiff caused a written dispute to be sent to Experian via certified mail. This dispute expressly indicated that it appeared to be a mixed file. This letter showed Experian that there was identifying information on this report that was not Plaintiff's including another name, address, and a social security number he did not possess.
36. On December 22, 2022 another dispute letter was sent to Experian. This letter indicate that accounts were still appearing that were not his and his file appeared to still be mixed these accounts were negative and included Ford Credit, Ally Financial, Synerprise Consulting, Radius Global Solutions, and Oportun Pregreso Financial.
37. Defendants each received, but ignored the Plaintiff's dispute letters, Defendant furnishers verified the disputed information, and all did refuse to delete or block the inaccurate/false information regarding the account from the Plaintiff's credit files.
38. Defendants each had actual knowledge of the inaccuracies and deliberately chose to ignore and permit same.
39. After receiving Plaintiffs' notices of the inaccuracies and within the two years preceding the filing of this action, Experian prepared and published to third parties multiple consumer reports about Plaintiffs which contained the inaccurate information.

### ACTUAL DAMAGES

40. As a result of Defendants' actions, omissions, and inaction, Plaintiff has suffered damage by loss of credit, loss of ability to purchase and benefit from credit, increased costs for credit, invasion of privacy, mental and emotional pain, anguish, humiliation and embarrassment of credit denials, amongst others. Plaintiff has further spent countless hours and suffered pecuniary loss in attempting to correct Defendants' reporting of inaccurate and derogatory information, without success, including but not limited to time loss, charges for cellular phone usage and charges for postage. Plaintiff is still unable to get approved for a home mortgage and has been unable to take advantage of low interest rates, he is relegated to waiting and watching as interest rates rise knowing that when he finally can obtain financing it will be at a much higher cost than it would have been had he been approved in November of 2022.
41. Plaintiff's injuries are concrete. Defendants' conduct of reporting inaccurate information that was the result of a mixed file is analogous to the common law tort of defamation. Whether the accounts reported are positive are negative the damages to a consumer of having

information on his reports that is not his is significant both emotionally and financially. These accounts and their balances become part of the consumer's credit picture that lenders look at in determining their fitness to obtain credit. The balances become part of their utilization rate. Furthermore, Congress enacted the FCRA to protect consumers from precisely the conduct described in this Complaint. Congress found that the banking system is dependent upon fair and accurate credit reporting; and that, inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence, which is essential to the continued functioning of the banking system. Consequently, the FCRA was enacted to insure fair and accurate reporting, promote efficiency in the banking system and protect consumer privacy; and to ensure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy because consumer reporting agencies have assumed such a vital role in assembling and evaluating consumer credit and other information on consumers. The alleged transgressions by Defendants would, if left unchecked in a competitive marketplace, naturally propagate had Congress not created laws to give vulnerable consumers a voice and a mechanism for private enforcement.

CAUSES OF ACTION CLAIMED BY PLAINTIFF

COUNT I

VIOLATION OF THE FAIR CREDIT REPORTING ACT

15 U.S.C. § 1681E(B)

**[AGAINST EXPERIAN]**

42. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

43. Defendant, Experian violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the Plaintiff's credit reports and credit files it published and maintains concerning the Plaintiff.

44. As a result of the conduct, actions and inactions of Experian the Plaintiff suffered actual damages including without limitation, by example only and as described herein on Plaintiff's behalf by counsel: loss of credit, damage to reputation, embarrassment, humiliation and other

1   mental and emotional distress.

2   45. The conduct, actions and inactions by Experian were willful, rendering Experian liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative Experian was negligent entitling the Plaintiff to recover under 15 U.S.C. §1681o.

46. The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

## COUNT II

### VIOLATION OF THE FAIR CREDIT REPORTING ACT
### 15 U.S.C. § 1681I(A)(1)
### [AGAINST EXPERIAN]

47. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

48. Experian violated 15 U.S.C. §1681i(a)(l) on multiple occasions by failing to conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information or delete the item from the Plaintiff's credit files.

49. As a result of the conduct, actions and inactions of Experian the Plaintiff suffered actual damages including without limitation, by example only and as described herein on Plaintiff's behalf by counsel: loss of credit, damage to reputation, embarrassment, humiliation and other mental and emotional distress.

50. The conduct, actions and inactions by Experian were willful, rendering Experian liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative Experian was negligent entitling the Plaintiff to recover under 15 U.S.C. §1681o.

The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

## COUNT III

### VIOLATION OF THE FAIR CREDIT REPORTING ACT
### 15 U.S.C. § 1681I(A)(2)(A)

**COMPLAINT FOR DAMAGES**                                                                 **PAGE 8 OF 15**

**[AGAINST EXPERIAN]**

51. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

52. Experian violated 15 U.S.C. §1681i(a)(2)(A) on multiple occasions by failing to provide Ford Credit, Ally Financial, Synerprise Consulting, Radius Global Solutions, and Oportun Pregreso Financial with all the relevant information regarding Plaintiff's disputes.

53. As a result of the conduct, actions and inactions of Experian the Plaintiff suffered actual damages including without limitation, by example only and as described herein on Plaintiff's behalf by counsel: loss of credit, damage to reputation, embarrassment, humiliation and other mental and emotional distress.

54. The conduct, actions and inactions by Experian were willful, rendering Experian liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative Experian was negligent entitling the Plaintiff to recover under 15 U.S.C. §1681o.

55. The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

COUNT IV

VIOLATION OF THE FAIR CREDIT REPORTING ACT

15 U.S.C. § 1681I(A)(4)

**[AGAINST EXPERIAN]**

56. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

57. Experian violated 15 U.S.C. §1681i(a)(4) on multiple occasions by failing to review and consider all relevant information submitted by Plaintiff.

58. As a result of the conduct, actions and inactions of Experian the Plaintiff suffered actual damages including without limitation, by example only and as described herein on Plaintiff's behalf by counsel: loss of credit, damage to reputation, embarrassment, humiliation and other mental and emotional distress.

59. The conduct, actions and inactions by Experian were willful, rendering Experian liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative Experian was negligent entitling the Plaintiff to recover under 15 U.S.C. §1681o.

60. The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

## COUNT V

### VIOLATION OF THE FAIR CREDIT REPORTING ACT

### 15 U.S.C. § 1681I(A)(5)(A)

**[AGAINST EXPERIAN]**

61. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

62. Experian violated 15 U.S.C. §1681i(a)(5)(A) on multiple occasions by failing to promptly delete the disputed inaccurate item of information from Plaintiff's credit file or modify the item of information upon an accurate reinvestigation.

63. As a result of the conduct, actions and inactions of Experian the Plaintiff suffered actual damages including without limitation, by example only and as described herein on Plaintiff's behalf by counsel: loss of credit, damage to reputation, embarrassment, humiliation and other mental and emotional distress.

64. The conduct, actions and inactions by Experian were willful, rendering Experian liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative Experian was negligent entitling the Plaintiff to recover under 15 U.S.C. §1681o.

65. The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

## COUNT VI

### VIOLATION OF THE FAIR CREDIT REPORTING ACT

### 15 U.S.C. § 1681S-2(B)(1)(A)

**[AGAINST DEFENDANT FORD CREDIT, ALLY FINANCIAL, SYNERPRISE CONSULTING, RADIUS GLOBAL SOLUTIONS, AND OPORTUN PROGRESO FINANCIAL A/K/A/ OPORTUN]**

*J. GANNON HELSTOWSKI LAW FIRM*
*P.O. Box 131169*
*Dallas, TX 75313*

66. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

67. On one or more occasions within the two years prior to the filing of this suit, by example only and without limitation, Ford Credit, Ally Financial, Synerprise Consulting, Radius Global Solutions, and Oportun Progreso Financial a/k/a/ Oportun violated 15 U.S.C. §1681s-2(b)(l)(A) by failing to fully and properly investigate Plaintiff's disputes.

68. Ford Credit understood the nature of Plaintiff's disputes when it received an ACDV from Experian.

69. As a result of the conduct, actions and inactions of Ford Credit the Plaintiff suffered actual damages including without limitation, by example only and as described herein on Plaintiff's behalf by counsel: loss of credit, damage to reputation, embarrassment, humiliation and other mental and emotional distress.

70. The conduct, actions and inactions by Ford Credit, Ally Financial, Synerprise Consulting, Radius Global Solutions, and Oportun Progreso Financial a/k/a/ Oportun were willful, rendering Ford Credit liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative Ford Creditwas negligent entitling the Plaintiff to recover under 15 U.S.C. §1681o.

71. The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from Ford Credit in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

COUNT VII

VIOLATION OF THE FAIR CREDIT REPORTING ACT

15 U.S.C. § 1681S-2(B)(1)(B)

[AGAINST DEFENDANT FORD CREDIT, ALLY FINANCIAL, SYNERPRISE CONSULTING, RADIUS GLOBAL SOLUTIONS, AND OPORTUN PROGRESO FINANCIAL A/K/A/ OPORTUN]

72. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

73. On one or more occasions within the two years prior to the filing of this suit, by example only and without limitation, Ford Credit, ALLY FINANCIAL, SYNERPRISE CONSULTING, RADIUS GLOBAL SOLUTIONS, AND OPORTUN PROGRESO FINANCIAL A/K/A/ OPORTUN violated

15 U.S.C. §1681s-2(b)(l)(B) by failing to review all relevant information provided by the consumer reporting agencies.

74. As a result of the conduct, actions and inactions of Ford Credit, ALLY FINANCIAL, SYNERPRISE CONSULTING, RADIUS GLOBAL SOLUTIONS, AND OPORTUN PROGRESO FINANCIAL A/K/A/ OPORTUN the Plaintiff suffered actual damages including without limitation, by example only and as described herein on Plaintiff's behalf by counsel: loss of credit, damage to reputation, embarrassment, humiliation and other mental and emotional distress.

75. The conduct, actions and inactions by Ford Credit, ALLY FINANCIAL, SYNERPRISE CONSULTING, RADIUS GLOBAL SOLUTIONS, AND OPORTUN PROGRESO FINANCIAL A/K/A/ OPORTUN were willful, rendering Ford Credit, ALLY FINANCIAL, SYNERPRISE CONSULTING, RADIUS GLOBAL SOLUTIONS, AND OPORTUN PROGRESO FINANCIAL A/K/A/ OPORTUN liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative Ford Credit was negligent entitling the Plaintiff to recover under 15 U.S.C. §1681o.

76. The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from Ford Credit, ALLY FINANCIAL, SYNERPRISE CONSULTING, RADIUS GLOBAL SOLUTIONS, AND OPORTUN PROGRESO FINANCIAL A/K/A/ OPORTUN in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

COUNT VIII

VIOLATION OF THE FAIR CREDIT REPORTING ACT

15 U.S.C. § 1681S-2(B)(1)(C) AND (D)

**[AGAINST DEFENDANT FORD CREDIT, ALLY FINANCIAL, SYNERPRISE CONSULTING, RADIUS GLOBAL SOLUTIONS, AND OPORTUN PROGRESO FINANCIAL A/K/A/ OPORTUN]**

77. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

78. On one or more occasions within the two years prior to the filing of this suit, by example only and without limitation, Ford Credit, ALLY FINANCIAL, SYNERPRISE CONSULTING, RADIUS GLOBAL SOLUTIONS, AND OPORTUN PROGRESO FINANCIAL A/K/A/ OPORTUN violated 15 U.S.C. §1681s-2(b)(l)(C) and (D) by publishing the Ford Credit, ALLY FINANCIAL,

SYNERPRISE CONSULTING, RADIUS GLOBAL SOLUTIONS, AND OPORTUN PROGRESO FINANCIAL A/K/A/ OPORTUN reporting to Plaintiff's credit files with Experian without also including a notation that the inaccurate status of the debt was disputed and by failing to correctly report results of an accurate investigation to each other credit reporting agency.

79. As a result of the conduct, actions and inactions of Ford Credit, ALLY FINANCIAL, SYNERPRISE CONSULTING, RADIUS GLOBAL SOLUTIONS, AND OPORTUN PROGRESO FINANCIAL A/K/A/ OPORTUN the Plaintiff suffered actual damages including without limitation, by example only and as described herein on Plaintiff's behalf by counsel: loss of credit, damage to reputation, embarrassment, humiliation and other mental and emotional distress.

80. On information and belief, Plaintiff alleges that the procedures followed regarding Plaintiff's FCRA disputes through e-Oscar were the procedures that Ford Credit intended their employees or agents to follow.

81. The conduct, actions and inactions by Ford Credit were willful, rendering Ford Credit, ALLY FINANCIAL, SYNERPRISE CONSULTING, RADIUS GLOBAL SOLUTIONS, AND OPORTUN PROGRESO FINANCIAL A/K/A/ OPORTUN liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative Ford Creditwas negligent entitling the Plaintiff to recover under 15 U.S.C. §1681o.

82. The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from Ford Credit, ALLY FINANCIAL, SYNERPRISE CONSULTING, RADIUS GLOBAL SOLUTIONS, AND OPORTUN PROGRESO FINANCIAL A/K/A/ OPORTUN in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

## COUNT IX

### VIOLATION OF THE FAIR CREDIT REPORTING ACT

### FCRA 623(B)

**[AGAINST DEFENDANT FORD CREDIT, ALLY FINANCIAL, SYNERPRISE CONSULTING, RADIUS GLOBAL SOLUTIONS, AND OPORTUN PROGRESO FINANCIAL A/K/A/ OPORTUN]**

83. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

84. On one or more occasions within the two years prior to the filing of this suit, by example only and without limitation, Ford Credit, ALLY FINANCIAL, SYNERPRISE CONSULTING,

RADIUS GLOBAL SOLUTIONS, AND OPORTUN PROGRESO FINANCIAL A/K/A/ OPORTUN violated FCRA 6239(b) by failing to investigate the consumer's claims and disputes.

85. As a result of the conduct, actions and inactions of Ford Credit, ALLY FINANCIAL, SYNERPRISE CONSULTING, RADIUS GLOBAL SOLUTIONS, AND OPORTUN PROGRESO FINANCIAL A/K/A/ OPORTUN the Plaintiff suffered actual damages including without limitation, by example only and as described herein on Plaintiff's behalf by counsel: loss of credit, damage to reputation, embarrassment, humiliation and other mental and emotional distress.

86. The conduct, actions and inactions by Ford Credit were willful, rendering Ford Credit, ALLY FINANCIAL, SYNERPRISE CONSULTING, RADIUS GLOBAL SOLUTIONS, AND OPORTUN PROGRESO FINANCIAL A/K/A/ OPORTUN liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative Ford Creditwas negligent entitling the Plaintiff to recover under 15 U.S.C. §1681o.

87. The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from Ford Credit, ALLY FINANCIAL, SYNERPRISE CONSULTING, RADIUS GLOBAL SOLUTIONS, AND OPORTUN PROGRESO FINANCIAL A/K/A/ OPORTUN in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against each Defendant for:

a) Actual damages;
b) Statutory damages;
c) Punitive damages;
d) Costs and reasonable attorney's fees pursuant to 15 U.S.C. §§ 1681n, and 1681o;
e) An order directing that each Defendant immediately delete all of the inaccurate information from Plaintiff's credit reports and files and cease reporting the inaccurate information to any and all persons and entities to whom they report consumer credit information;
f) An order directing that each Defendant send to all persons and entities to whom they have reported Plaintiff's inaccurate information within the last three years Plaintiff's updated and corrected credit report information; and
g) Award to Plaintiff of such other and further relief as may be just and proper.

## **TRIAL BY JURY IS DEMANDED.**

88. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Respectfully Submitted,

**J. GANNON HELSTOWSKI LAW FIRM**

DATED:  April 14, 2023

BY: /S/ J. GANNON HELSTOWSKI
ATTORNEY FOR PLAINTIFF
FRANCISCO GUTIERREZ PEREZ